IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINDA M. DIXON, | ) | CASE NO. 8:13-cv-111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NOTICE OF REMOVAL |
| | ) | AND JURY DEMAND |
| BRIAN LEE VERHEY, an individual, | ) | |
| and JOHNSON FEED, INC., | ) | |
| A Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants, Brian Lee Verhey and Johnson Feed, Inc. (hereinafter, when referred to collectively, "Defendants"), and remove this action from the District Court of Madison County, Nebraska, to the United States District Court for the District of Nebraska. Removal is proper under the following grounds:

1. On December 4, 2012, Plaintiff Linda M. Dixon ("Plaintiff") commenced this action in the District Court of Madison County, Nebraska, and said action is still pending. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and other filings/documents is attached hereto and marked, collectively, as Exhibit A.

2. In accordance with 28 U.S.C. §§ 1332(a), complete diversity exists between Plaintiff and all Defendants. Plaintiff is a citizen of Nebraska. (See Deposition of February 8, 2013, attached hereto and marked as Exhibit B, page 9.). Defendant Brian Lee Verhey is a citizen of South Dakota. (See Exhibit A, Complaint, ¶1). Defendants affirmatively allege that Defendant Johnson Feed, Inc., is a South Dakota corporation with its principal place of business in South Dakota.

3.     In accordance with 28 U.S.C. § 1332(a), the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

a.     Under Eighth Circuit law, where "it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount," the amount in controversy requirement is met and removal is proper. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (quotation omitted); see also In-Custody Int'l Corp. v. Taper, No. 8:07-cv-176, 2007 WL 2068117, at *1 (D. Neb. July 18, 2007) (same).

b.     In this case, Plaintiff claims special medical expenses totaling at least $20,886.00. (See Exhibit A, Complaint, ¶6; Plaintiff's Responses to Defendants' First Set of Interrogatories, attached hereto and marked as Exhibit C, Answer No. 22.) Plaintiff also alleges that she may add claims of permanent physical impairment and lost earning capacity (See Exhibit B, pages 28-29.). In addition to said medical expenses, Plaintiff states that she has incurred at least $3,075.00 in property damages and claims an additional $348.00 in lost wages. (See Exhibit C, Answers No. 25 and 22, respectively). Based on these claims and possible allegations, Defendant requested admissions from Plaintiff to ascertain the total amount of damages at issue.

c.     On March 8, 2013, Plaintiff responded to Defendants' Request for Admissions, in which Defendant requested Plaintiff to admit that the total amount of damages at issue in this case is equal to or less than $75,000.00. A true and correct copy of Plaintiff's Response to Defendants' First Set of Request for Admissions dated March 8, 2013, is attached as Exhibit D. Plaintiff was unable to admit that the damages at issue were less than $75,000.00. (See Exhibit D, Response 1.). Plaintiff stressed the possibility of permanent physical impairment and the need to incur additional future medical expenses. (See Exhibit D, Response 1.).

  d. Based on Plaintiff's Response in regards to her current claims and possible allegations, a fact finder could legally conclude Plaintiff's damages exceed $75,000.00.  Because even Plaintiff cannot state with certainty that Plaintiff's claim is for less than $75,000.00,  it does not appear to a legal certainty that Plaintiff's claim is for less than $75,000.00; therefore the amount in controversy requirement is satisfied.  <u>See</u> <u>Kopp</u>, 280 F.3d at 885.

  4. Venue is proper in this district under 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claims in this action occurred in this judicial district.  (<u>See</u> Exhibit A, Complaint, ¶¶ 3-4).

  5. Removal of this action to the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1441(a), because this Court has original jurisdiction over this action under § 1332(a) and this notice has been filed within thirty (30) days after receipt by the Defendants of Plaintiff's Response to Defendants' First Set of Request for Admissions, as allowed by 28 U.S.C. § 1446(b)(3). ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added). "Other paper" may include "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery." 26 U.S.C. § 1446(c)(3)(A).

  6. A notice of the filing of this Notice of Removal and Jury Demand is being filed contemporaneously herewith in the District Court of Madison County, Nebraska.

7.  There are no matters pending in the District Court of Madison County, Nebraska that will currently require resolution by this Court.

WHEREFORE, Defendants Brian Lee Verhey and Johnson Feed, Inc., remove this action from the District Court of Madison County, Nebraska, to the United States District Court for the District of Nebraska, and request that Omaha, Nebraska be designated as the place of trial.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues raised in the Complaint.

                                       BRIAN LEE VERHEY and
                                       JOHNSON FEED, INC., Defendants

By: /s/ David C. Mullin
      David C. Mullin, #21985
      FRASER STRYKER PC LLO
      500 Energy Plaza
      409 South 17th Street
      Omaha, NE  68102-2663
      Telephone: (402) 341-6000
      Fax: (402) 341-8290
      E-mail: dmullin@fraserstryker.com
      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which sent notification of such filing to the following:

Thomas H. DeLay
STRATTON, DELAY, DOELE, CARLSON
& BUETTNER, PC, LLO
200 West Benjamin Avenue
PO Box 888
Norfolk, NE 68702-0888

                                       /s/ David C. Mullin

835373 v1