IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINDA M. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV111 |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN LEE VERHEY, an individual, | ) | ORDER |
| and JOHNSON FEED, INC., A | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on multiple motions, including: (1) Plaintiff's motion to exclude the expert testimony of Dr. Joel T. Cotton ("Dr. Cotton") (filing 38); (2) Defendants' motion to exclude the expert testimony of Dr. Daniel Wik ("Dr. Wik") (filing 39); and (3) Defendants' motion for a protective order and to extend discovery deadlines (filing 50). For the reasons explained below, the motions to exclude expert testimony will both be denied, and Defendants' motion for protective order and to extend deadlines will be granted, in part.

## BACKGROUND

This cases arises out of an automobile accident that occurred in November, 2010. Defendants removed this action from the District Court of Madison County, Nebraska on April 5, 2013. (Filing 1.)

On December 16, 2013, the Court entered a final progression order, setting January 30, 2014, as the deadline for Plaintiff to disclose her expert witnesses. (Filing 24.) After this deadline passed, on February 18, 2014, Plaintiff filed a motion for an extension of time to submit her expert witness disclosures. (Filing 28.) The motion was granted by the Court, and Plaintiff was given until March 1, 2014, to make her disclosures. (Filing 29.) Defendants were given until April 1, 2014, to disclose their expert witnesses. (*Id*.) Defendants later moved to extend their disclosure deadline to May 1, 2014 (filing 31).

Plaintiff did not object to this motion, and it was granted by the Court (filing 32).

Plaintiff served an expert disclosure for Dr. Wik on February 19, 2014. (Filing 30.) Dr. Wik's report, which accompanied Plaintiff's disclosure, was dated July 24, 2013. On May 1, 2014, Defendants timely served an expert disclosure and report from Dr. Cotton. (Filing 35.)

Trial is scheduled for July 21, 2014.

## DISCUSSION

### I. Motions to Exclude Expert Testimony

Plaintiff requests that the Court preclude Defendants from disclosing at trial any opinion, reports or testimony from Dr. Cotton. Plaintiff claims that Defendants' May 1, 2014 disclosure fails to meet the requirements of Fed. R. Civ. P. 26(a)(2) regarding expert witness disclosures. Similarly, Defendants ask that the Court preclude the testimony of Dr. Wik, Plaintiff's expert witness, arguing that Plaintiff's expert disclosure fails to met Rule 26(a)(2) requirements.

Under Rule 26(a)(2)(B), witnesses specially employed to give expert testimony must provide a detailed report, containing:

>  (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>  (ii)  the facts or data considered by the witness in forming them;
>
>  (iii) any exhibits that will be used to summarize or support them;
>
>  (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>  (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)). Expert witnesses who are not specially retained to provide testimony do not need to provide detailed reports, but must be identified in a disclosure which sets forth "the subject matter on which the witness is expected to present evidence . . . [and] a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26 (a)(2)(C).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless . . . In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). When determining a proper remedy for an insufficient disclosure, the district court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

As an initial matter, Plaintiff has not clearly indicated whether Dr. Wik was retained to provide expert testimony or, rather, will testify solely in his capacity as a treating physician. If Dr. Wik was not specially employed to provide testimony, a detailed expert report would not be necessary. However, it appears from the content of Plaintiff's expert disclosure, which attempts to set forth the information required by Rule 26(a)(2)(B), that Plaintiff recognizes Dr. Wik as a retained expert regarding the issue of causation. Therefore, the Court finds that Plaintiff must submit an expert disclosure for Dr. Wik which complies with Rule 26(a)(2)(B).

The Court has reviewed the expert disclosures at issue, and finds them each lacking in some respect. For instance, Plaintiff's disclosure does not contain a list of past cases in which Dr. Wik previously testified, while Defendants' disclosure does not detail the specific medical records Dr. Cotton reviewed in reaching his opinions. The Court will not, however, set forth every short-coming in the parties' respective disclosures, as the parties admittedly

3

did not meet and confer in advance of filing their instant motions. Rather, the Court will order the parties to confer, and make a good-faith effort to supplement their respective disclosures as the other deems necessary.

Also, in any event, although the disclosures are lacking, they are not so deficient as to warrant exclusion of testimony. To the extent that any party claims prejudice due to any short-comings in the disclosures, the Court finds that such prejudice can be cured and that any deficiencies in the reports are harmless. Dr. Wik is scheduled to be deposed on June 17, 2014, and Defendants may question Dr. Wik regarding his opinions at that time. Moreover, Dr. Cotton can be made available for a deposition before trial. Plaintiff's argument that she has been prejudiced by the timing and content of Dr. Cotton's disclosure is unpersuasive. Delays associated with Dr. Cotton's disclosure are largely attributable to Plaintiff, in failing to timely disclose her expert witnesses and object to the subsequent extension of Defendants' deadline for doing so. Moreover, from the materials before the Court, it does not appear that Plaintiff made an effort to schedule a deposition for Dr. Cotton until June 3, 2014, a month after receiving Dr. Cotton's expert disclosure. The motions to exclude expert testimony will be denied.

## II. Motion for Protective Order and to Extend Deadlines

On June 11, 2014, Plaintiff unilaterally scheduled Dr. Cotton's deposition for June 30, 2014. Defendants have filed a motion asking that the Court enter a protective order precluding Plaintiff from deposing Dr. Cotton on that date. Evidently, Plaintiff noticed Cotton's deposition for a date and time that the witness is unavailable, a fact which Plaintiff was previously advised. The deposition is also scheduled to occur at the exact same date and time as the pretrial conference. Dr. Cotton shall not be deposed on June 30, 2014, as currently noticed. Obviously, it would be impossible for counsel to be in two places at once. Counsel for the parties shall confer in an effort to schedule Dr. Cotton's deposition at a time convenient for each of the parties, as well as Dr. Cotton.

Defendants further maintain that Plaintiff's counsel has just disclosed new medical records for Plaintiff. Defendants assert that they need additional time to conduct discovery

regarding this previously undisclosed evidence. The deposition and written discovery deadline expired on May 1, 2014. (Filing 33.) Apparently, however, the parties agreed amongst themselves to complete depositions outside this deadline, seemingly due to the unavailability of witnesses. Because each party needs to complete a deposition outside the Court established deadline, the Court will, albeit hesitantly, extend the deposition and discovery deadline to July 15, 2014. Trial will not be continued, however, and the pretrial conference will take place as scheduled.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine to Exclude Defendants' Expert Witness Opinion (filing 38) is denied.

2. Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Witness (filing 39) is denied.

3. By or before June 17, 2014, the parties shall meet and confer regarding supplementation of their respective expert disclosures.

4. Defendants' Motion for Protective Order and to Extend Deposition and Discovery Deadlines (filing 50) is granted in part, and denied in part, as set forth above.

**DATED June 16, 2014.**

            **BY THE COURT:**

            **S/ F.A. Gossett**
            **United States Magistrate Judge**