IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LINDA M. DIXON,

        Plaintiff,

vs.

BRIAN LEE VERHEY, an individual, and JOHNSON FEED, INC., a corporation;

        Defendants.

8:13CV111

MEMORANDUM AND ORDER

This matter is before the court on the parties' motions in limine, Filing No. 55 and Filing No. 57.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996). The court finds as follows.

### **I.   Plaintiff's Motion:**

**A.   Evidence of the plaintiff's preexisting asymptotic injuries and/or alternative causes of her present physical or mental symptoms**

The plaintiff seeks exclusion of evidence of the plaintiff's preexisting asymptotic injuries and/or alternative causes of her present physical or mental symptoms. The defendants argue there is evidence that the plaintiff sought treatment for the same type of injuries before the accident. They argue that she denied any prior neck or back injuries under oath in her deposition and that her expert witness based his opinion on the fact that she did not have any preexisting symptoms. They contend the medical records of previous injuries to her neck and back directly contradict the plaintiff's testimony and are directly relevant to the causation of her current injuries.

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion to exclude preexisting injury evidence will be overruled at this time, without prejudice to its reassertion via timely objection at trial.

**B.   Reference to medical records or information that is not related to the plaintiff's present complaints of neck pain, mid-back pain and lower back pain**

The defendants agree that the plaintiff's medical records that are not related to the controversy at issue are irrelevant and should not be admitted.  Accordingly, the court will deny the motion without prejudice to reassertion at trial.  Evidence must be relevant to plaintiff's current injuries to be admissible.

**C.   Evidence of or reference to the plaintiff's motor vehicle license plate identification**

The plaintiff seeks exclusion of evidence that her motor vehicle license plate stated "GANGSTA," which would be unduly prejudicial.  The defendants do not oppose exclusion of the evidence, on the condition that removal of "GANGSTA" in any photographic exhibit will not remove, inhibit, or blur the visibility of any other portion of the photograph.  Accordingly, the court finds the motion should be granted to the extent the alteration does not interfere with the photographs.

**D.   Physical evidence and characterizations of the motor vehicle collision as a "minor impact" or "minor property damage" collision, or in alternative, request for limiting instruction to jury**

The plaintiff seeks exclusion of evidence that the collision involved a minor impact or minor damage to the plaintiff's vehicle, as irrelevant to the severity of her injuries.  Defendant agues the photographs of the vehicle are relevant to show the force of impact.

The court finds the evidence is relevant to show the force of impact and the plaintiff's objection goes more to the weight than to the admissibility of the evidence.  The relevance of the evidence appears to outweigh its potential for prejudice.  Defendants' concerns may warrant a cautionary or limiting instruction, but the court

cannot determine the ambit of such an instruction at this time. Accordingly, the court finds the motion should be denied at this time.

**II.   Defendants' Motion:**

### A.   Statements regarding insurance or insurance coverage

The defendants seek exclusion of evidence or argument concerning insurance coverages. The plaintiff concedes such evidence is inadmissible. Accordingly, the court finds the motion in limine should be granted.

### B.   Reference to the financial disparities of the parties in this action, the relative size of the parties, or the defendants' ability to pay a judgment

The defendants argue that the parties' financial conditions, relative size and ability to pay are irrelevant to any issues in the litigation. The plaintiff argues that evidence of plaintiff's financial condition may be relevant to refute the defendants' anticipated arguments concerning the plaintiff's failure to seek medical treatment. She also states that she does not seek damages for lost income, but intends to present evidence that she was unable to work for a time after the accident.

The court finds the financial conditions of both the plaintiff and the defendants are generally irrelevant. Accordingly, the motion in limine should be granted with respect to both parties' financial condition, unless the defendants raise the issue and the evidence becomes relevant to refute evidence or argument presented by the defendants. The size of the defendant corporation, or how large its operation is, may properly be the subject of argument, but the plaintiff will not be allowed to present evidence of the defendants' financial solvency.

### C. Any reference to or documents containing causation opinions from Dr. McClellan for the reason that Dr. McClellan is not expected to testify at trial and the admission of such opinions would be hearsay

The defendants seek exclusion of evidence that relates to Dr. McClellan's opinions as hearsay. The plaintiff argues that its expert, Dr. Wik, relied on the opinion and records of Dr. McClellan in forming his opinion.

The court finds the evidence is not inadmissible hearsay if the expert relied on it in forming his opinion. Fed. R. Evid. 703. Dr. Wik's report sets forth his independent findings and basis for the opinion that the November 23, 2010, collision is the proximate cause of plaintiff's injuries, including her lower back injuries. He refers to medical opinion and records of Dr. McClellan as part of the information that he based his own treatment or diagnosis. Accordingly, the court finds the motion in limine should be denied.

### D. Reference to past or future lost wages or loss of earning capacity

The plaintiff concedes this motion. She states she does not seek damages for lost wages or earning capacity. Accordingly, the court finds the motion in limine should be granted.

### E. Any exhibits or evidence not produced or otherwise identified during discovery.

The plaintiff concedes this motion and the court finds the motion in limine should be granted. Therefore,

IT IS HEREBY ORDERED:

1. The plaintiff's motion in limine (Filing No. 55) is granted in part and denied in part as set forth in this order.

5

2. The defendants' motion in limine (Filing No. 57) is granted in part and denied in part as set forth in this order.

Dated this 17th day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge